IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01337-PAB

CLAUDIA ROSS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**
_____

    This matter comes before the Court on plaintiff Claudia Ross' motion for attorney's fees under the EAJA [Docket No. 28], which defendant Michael J. Astrue opposes [Docket No. 29]. Defendant does not challenge the amount of fees sought or contend that plaintiff failed to comply with the procedural requirements of the EAJA. *See Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) (describing requirements). Defendant's only stated qualm with plaintiff's motion is that defendant believes he was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'" (citing 28 U.S.C. § 2412(d)(1)(A) (2006))).

    "[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the Equal Access to Justice Act ("EAJA") fee shifting statute." *Wrenn*, 525 F.3d at 934 (citing 28 U.S.C. 2412 (2006)). "The EAJA statute provides that 'a

court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Manning*, 510 F.3d at 1250 (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)).

"Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). Under the EAJA, the Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

Based on these standards, the Court concludes that the Commissioner was not substantially justified in his position in this case. The Commissioner's position in the underlying agency action was unreasonable to the extent that it was based on erroneous factual conclusions. The Commissioner recognized the errors but insisted that they were harmless. In reality, the facts in question – plaintiff's past relevant work experience and the physical demands of that job – played important roles in the disability determination.

The Court noted at the September 3, 2009 hearing in this case that it is entirely possible that, once the factual errors are corrected, the disability determination may remain unchanged. However, well-settled law holds that it must be the Commissioner – that is, the Administrative Law Judge – and not the Court that resolves factual questions of material import. *See Markham v. Califano*, 601 F.2d 533, 534 (10th Cir. 1979) ("Neither the district court in the first instance nor a court of appeals on appeal is free to substitute its findings of fact or its inferences drawn from the evidence for those of the [ALJ] which later become the basis of the final decision of the secretary if the findings and inferences of the [ALJ] are supported by substantial evidence." (quoting *Gainey v. Flemming*, 279 F.2d 56, 58 (10th Cir. 1960))). Therefore, the Court finds that the Commissioner lacked a reasonable basis both in law and fact for his position regarding plaintiff's disability and, therefore, was not substantially justified in advancing that position.

As a result, it is

**ORDERED** that the plaintiff Claudia Ross' motion for attorney's fees under the EAJA [Docket No. 28] is GRANTED. Defendant is ordered to pay the amount of $7,117.88 to plaintiff for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). It is further

**ORDERED** that this award is without prejudice to the right of plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. It is further

**ORDERED** that the EAJA attorney fee award shall be made payable to plaintiff and mailed to plaintiff's attorney pursuant to *Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).

DATED September 17, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge